DAVID B. BARLOW, United States Attorney (#13117)
ADAM ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 15 2013
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-CR-163 RJS |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C). |
| JOHN ANTHONY BORELL, III, | : | |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.     As part of this agreement with the United States, I intend to plead guilty to Counts 1 and 2 of the Indictment in Case No. 2:12-CR-163 (in the District of Utah), the sole count of the Information in Case No. 2:13-CR-236 RJS (filed in the Central District of California and transferred to the District of Utah), the sole count of the Information in Case No. 2:13-CR-235 RJS (from the Western District of Missouri, filed in this district with my express approval) and the sole Count of Case No. 2:13-CR-234 RJS (from the Northern District of New York, filed in this district with my express approval). My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of these counts, violations of 18 U.S.C. § 1030(a)(5)(A), are: 1) knowingly causing the transmission of a program, information, code, or command, 2) intentionally causing damage without authorization 3) to a protected computer.

2.     I know that the maximum possible penalties provided by law for the counts in these cases are as follows:

(a)     (1) In Case No. 2:12-CR-163, a violation of 18 U.S.C. § 1030(a)(5)(A), a term of imprisonment of up to 10 years, a fine of $250,000 and a term of supervised release of up to three (3) years.

(2) In Case No. 2:13-CR-236 RJS, a violation of 18 U.S.C. § 1030(a)(5)(A), a term of imprisonment of up to one (1) year, a fine of $100,000 and a term of supervised release of up to one (1) year.

(3) In Case No. 2:13-CR-234 RJS, a violation of 18 U.S.C. § 1030(a)(5)(A), a term of imprisonment of up to 10 years, a fine of $250,000 and a term of supervised release of up to three (3) years.

(4) In Case No. 2:13-CR-235 RJS, a violation of 18 U.S.C. § 1030(a)(5)(A), a term of imprisonment of up to 10 years, a fine of $250,000 and a term of supervised release of up to three (3) years.

(b)     If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction ($25 for a conviction in Case No. CR 12-338), pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to 18 U.S.C. § 3663.                    2:13-cr-236 RJS

AC JZ PB

3.     I know that the sentencing procedures in these cases and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea for that reason. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.     I know that I can be represented by an attorney at every stage of the proceedings, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.     I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.     If I plead guilty, I will not have a trial of any kind.

8.     I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.     I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of

-3-

counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

(a)     Relating to Case No. 2:12-CR-163, in the District of Utah: On about January 19, 2012, using a method known as SQL injection, I hacked into the website Utahchiefs.org. I then advertised, via the Internet, that I had compromised the security of this site, knowing that the people I was informing of the hack would also take advantage of the compromised site. My actions compromised the security of the personal information of many individuals affiliated with the website, most of whom were involved with law enforcement. My intrusion into the server that contained the Utah Chiefs website necessitated a lengthy and costly examination of all the websites hosted on that same server. I acknowledge that, because of my actions, the server host company has incurred $145,500 in expenses related to repairing the site and dealing with the consequences of the hacking.

On about January 31, 2012, I performed a similar hack of the website slcpd.com, the website of the Salt Lake City Police Department. I again advertised my success in compromising the website's security and again jeopardized the security of the personal information of many people, most of whom worked in law enforcement. I acknowledge that, because of my actions, Salt Lake City Corp. has incurred $32,797.05 in expenses related to repairing the site and dealing with the consequences of the hacking.

(b)     On about February 1, 2012, I performed a hack, using SQL injection, of the website for the Syracuse, New York, police department. Following the hack, the website was unable to perform many services essential to the public, including services related to missing persons and criminal complaints. Further, my actions compromised the personal information of more than 20 people. I acknowledge that, because of my actions, the Syracuse Police Department has incurred $7,169.36 in expenses related to repairing the site and dealing with the consequences of the hacking.

(c)     On about February 18, 2012, I used a SQL injection attack to hack into the website of the City of Springfield, Missouri. I accessed a great deal of sensitive personal information contained on the website following my breach of its integrity. I acknowledge that, because of my actions, the City of Springfield has incurred $30,850.41 in expenses related to repairing the site and dealing with the consequences of the hacking.

2:13-CR-236 RJS
AS2 JPO SV

(d)    Relating to Case No. ~~CR-12-338~~, Central District of California:  On about
February 20, 2012, I performed a hack, using SQL injection, of the website
of the Los Angeles County Police Canine Association (LACPCA). I also
advertised this information online, and I stole and compromised the
personal information of more than 100 people, most of whom were
affiliated with law enforcement. I even used the information of one of the
officers to hack into a personal email account and auto-forward messages to
me. I acknowledge that, because of my actions, LACPCA has incurred
$4,320 in expenses related to repairing the site and dealing with the
consequences of the hacking.

(e)    Additionally, although they are not the subject of any charges, I also admit
to the following facts: On about September 1, 2011, I hacked into a website
named pendletonunderground.com, whose host company is based in
northern Illinois, also using SQL injection. I retrieved and posted
information pertaining to thousands of users of the site online, and
compromised the personal information of many more thousands of users.
My actions caused the company which hosts the site $7,100 in damages, for
which I agree to pay restitution.

(f)    Regarding all of these hacks, I knew that what I was doing was illegal. I
admit that I intentionally caused damage to protected computers by my
conduct, in that I impaired the integrity and availability of data and
programs on the systems that I hacked into. I admit that my actions violated
18 U.S.C. § 1030(a)(5)(A), Fraud and Abuse in Relation to Computers.

12.    The only terms and conditions pertaining to this plea agreement between the
defendant and the United States are as follows:

A.    The defendant agrees:

(1)  I will plead guilty to Counts 1 and 2 of the Indictment in Case
No. 2:12-CR-163 (in the District of Utah), the sole count of the
Information in Case No. 2:13-CR-236 RJS (filed in the Central
District of California and transferred to the District of Utah), the sole
count of the Information in Case No. 2:13-CR-235 RJS (from the
Western District of Missouri, filed with my express permission in
this district) and the sole count of the Information in Case No. 2:13-
CR-234 RJS (from the Northern District of New York, filed with my
express permission in this district). I hereby waive any defenses to
those counts that relate to the venue in which those offenses
occurred.

(2)(a)  Fully understanding my limited right to appeal my sentence,
as referenced above in paragraph 8, and in consideration of the

-5-

concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver as set forth in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001);

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2);

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof), and any orders of restitution;

(3) I will pay full restitution, according to a schedule set by the Court, to the following victim individuals or organizations in the following amounts:

      i) $32,797.05 to Information Management Services, Salt Lake City Corporation, 349 S. 200 E., Salt Lake City, UT 84111;

      ii) $145,500 to Infobytes, P.O. Box 58812, Salt Lake City, UT 84158;

      iii) $7,169.36 to Syracuse Police Department, Technology Division, 511 S. State St., Syracuse, NY 13202;

      iv) $4,320 to Los Angeles County Police K-9 Association, c/o Douglas Kohno, 333 Olympic Blvd., Santa Monica, CA 90401;

      v) $30,850.41 to City of Springfield, Missouri, Department of Information Systems, 220 E. Central, Springfield, MO 65801;

vi) $7,100 to Bookoo, Inc., 248 Foster Drive, Oswego, IL 60543.

B.  The United States agrees:

(1) To forego bringing separate prosecutions in separate districts for the crimes which are the subject of this agreement, and to accede to the Defendant being sentenced in the District of Utah for each of the cases listed above in 12(A)(1) for the agreed-upon term in this plea agreement, resolving those cases.

(2) The United States expressly does **NOT** agree to dismiss or forego prosecutions against the defendant for any crimes unrelated to the charges or facts that are the subject of this agreement. However, the United States represents that it is unaware of any other current or anticipated prosecutions against the defendant the facts of which are not mentioned here in this agreement (Section 11, above).

C.  The United States and the Defendant agree:

(1) Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be 36 months imprisonment, and further agree that 36 months is a reasonable sentence.

(2) The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 36 months will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, If the Court rejects the plea agreement and determines that the sentence should be less than 36 months, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(4)  The Defendant and the United States agree that all other sentence provisions (e.g. supervised release, assessments, etc.) will be imposed in accordance with applicable law.

\*        \*        \*        \*

I make the following representations to the Court:

1. I am 22 years of age.  My education consists of high school grad  I can [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement.  I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

-8-

9.  I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 15 day of April , 2013

_____
JOHN ANTHONY BORELL, III
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form.  I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 15th day of April , 2013

_____
JAMIE ZENGER
Attorney for Defendant

I certify that all terms of the plea agreement between the defendant and the government have been disclosed to the Court, and that there is a legal and factual basis for the defendant's plea of guilty.

DATED this 15th day of April , 2013

DAVID B. BARLOW
United States Attorney

_____
ADAM ELGGREN
Assistant United States Attorney

-9-